# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL MOLINA,** | : | **CIVIL NO. 3:18-CV-1391** |
| **Plaintiff,** | : | **(Judge Munley)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LAUREL HARRY, et al.,** | : | |
| **Defendants.** | : | |

## **MEMORANDUM ORDER**

This is a civil action brought by a state inmate through the filing of a complaint on July 13, 2018. (Doc. 1.) The plaintiff now seeks leave to file a supplemental and amended complaint, (Doc. 14), a motion which the defendants oppose on joinder grounds alleging that Molina's supplemental complaint will improperly join disparate allegations. (Doc. 15.) Notably, at this juncture we cannot fully assess the defendants' objections since Molina has not tendered a proposed supplemental or amended complaint to the court.

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings. Fed. R. Civ. P. 15. Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under

Rule 12, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A) and (B). In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave, which courts are to freely give when justice so requires. Fed. R. Civ. P. 15(a)(2). Consistent with this policy, leave to amend rests in the discretion of the court and may, which justice so requires, be denied if the court finds undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).

Rule 15(d), in turn, governs the submission of supplemental pleadings. That rule provides that upon the motion of a party, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). A supplemental complaint thus refers to events that occurred after the original pleading was filed whereas an amendment to a complaint covers matters that occurred before the filing of the original pleading but were overlooked at the time. Owens-Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188-89 (3d Cir. 1979); see also Moore s Federal Practice 3d § 15.30 (Rule 15(d) applies only to events that have occurred since the date of the

filing of the pleading). Thus, the purpose of the rule is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed. Carl Zeiss Meditec v. Xoft, Inc., C.A. No. 10-308-LPS/MPT, 2011 U.S. Dist. LEXIS 36785, * 4 (D. Del. April 5, 2011) (citation omitted).

The standard under Rule 15(d) is essentially the same as that under Rule 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice. Micron Tech. v. Rambus, Inc., 409 F. Supp. 2d 552, 558 (D. Del. 2006) (citing Medeva Pharma Ltd. v. Am. Home Prods. Corp., 201 F.R.D. 103, 104 n.3 (D. Del. 2001)). Application of Rule 15(d) in a given case is committed to the Court's broad discretion. Intel Corp. v. Amberwave Sys. Corp., 233 F.R.D. 416, 418 (D. Del. 2005).

While we appreciate the defendants' argument in opposition to this motion that Molina's supplemental complaint will result in misjoinder of claims and parties, until Molina actually submits this supplemental complaint it is impossible to assess whether these claims are properly joined. Therefore, recognizing that the law favors allowing amendment and supplementation of pleadings, we GRANT this motion for leave to file a supplemental complaint (Doc. 14) in part, as follows: On or before **February 15, 2019**, Molina shall file a proposed supplemental

complaint with the court. This supplemental complaint may be filed without prejudice to the defendants seeking to dismiss the complaint on joinder grounds or on any other legal grounds which may be appropriate.

So ordered this 15th day of January, 2019.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge