# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MIGUEL MOLINA,

      Plaintiff,

    v.

LAUREL R. HARRY, *et al.*,

      Defendants.

No. 3:18-CV-01391

(Judge Brann)

## MEMORANDUM OPINION

### AUGUST 25, 2020

Plaintiff Miguel Molina, a prisoner presently confined at the State Correctional Institution at Huntingdon in Huntingdon, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 alleging both First and Eighth Amendment claims regarding his conditions of confinement and alleged retaliation for complaining about those conditions.[1]  The Court previously dismissed the Eighth Amendment conditions of confinement claims for lack of personal involvement and because many of the conditions did not rise to the level of a constitutional violation.[2] Plaintiff has since filed an amended complaint in which he alleges the same two claims with additional factual allegations, together with new allegations regarding retaliatory transfer.[3]

---

[1]   Doc. 1.
[2]   Docs. 34 (mem.), 35 (order).
[3]   Doc. 38.

Defendants have now filed a partial motion to dismiss the amended complaint, which is ripe for disposition.[4]  For the reasons that follow, the Court will grant the motion in part and dismiss the conditions of confinement claims.

## I.   BACKGROUND

Plaintiff is Pennsylvania state prisoner who at all times relevant to the amended complaint was a prisoner at the State Correctional Institution at Camp Hill in Camp Hill, Pennsylvania.[5]

In his amended complaint, Plaintiff first complains that the showers at SCI Camp Hill have insects in them along with, mold and mildew, and that they smell.[6]  These conditions have caused Plaintiff "mental and emotional anguish."[7]  Plaintiff also complains that bright lights are on in his cell all day, every day, which makes it impossible for him to sleep well.[8]  In addition, Plaintiff complains that the exhaust vents and ventilation system in his cell contain rust and are clogged with dust, which contributes to his mental and emotional anguish.[9]  Finally, Plaintiff alleges that his recreational area has goose feces on the ground, which is not cleaned up.[10]

Plaintiff sought to remedy these conditions by filing numerous complaints and grievances with prison staff.   Specifically, Plaintiff submitted complaints and

---

[4]   *See* Doc. 41.
[5]   *See* Doc. 38 at 1, 4.
[6]   *Id.* at 6.
[7]   *Id.* at 7.
[8]   *Id.*
[9]   *Id.*
[10]   *Id.* at 8.

grievances addressed to Defendants Unit Managers Jennifer Digby, Scott Whalen, and Tim Hornung, SCI Camp Hill Superintendent Laural R. Harry, and Health and Safety Inspector Gregory Carabaugh.[11]   The responses that Plaintiff received generally directed him to Defendant A. Maxwell, the maintenance manager at SCI Camp Hill.[12]  Plaintiff alleges that Defendant Maxwell refused to comply with work orders to remedy some issues, such as the drain flies in the showers.[13]

Plaintiff also alleges that he was retaliated against for filing these complaints and grievances.[14]  Specifically, he alleges that Defendant Randy Blease said that if Plaintiff continued to file such grievances he would have Plaintiff fired from his prison job and removed from the unit to which he was assigned.[15]   After filing another grievance, Plaintiff was fired from his prison job at Defendant Digby's request.[16]

In addition, Plaintiff states that Defendant Hornung conspired with two unnamed correctional officers to fabricate misconduct reports against Plaintiff and to confiscate his property, which resulted in his being sent to the restricted housing unit.[17]  Plaintiff confronted Defendant Hornung regarding the confiscation of his property, and Defendant Hornung replied that he would not be returning his property

---

[11]   *See id.* at 8-11.
[12]   *See id.*
[13]   *See id.*
[14]   *See id.* at 14-15.
[15]   *Id.* at 15.
[16]   *Id.*
[17]   *See id.* at 15.

and that if Plaintiff filed another grievance, Plaintiff would be sent back to the RHU.[18]  According to Plaintiff, when he complained to Defendant Harry about these issues, she took no action, and eventually Plaintiff was transferred to SCI Huntingdon.[19]  Plaintiff alleges that this transfer was retaliatory and the result of filing this lawsuit.[20]

## II.    STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.[21]  When considering a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations.[22]  The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.[23]

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

---

[18]  *Id.* at 16.
[19]  *Id.*
[20]  *Id.* at 17-18.
[21]  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[22]  *See Erickson v. Pardus*, 551 U.S. 89, 94 (per curiam).
[23]  *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[24]  The court need not accept unsupported inferences,[25] nor legal conclusions cast as factual allegations.[26]  Legal conclusions without factual support are not entitled to the assumption of truth.[27]

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible.  This is a context-specific task, for which the court should be guided by its judicial experience.  The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face."[28]  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[29]  A complaint that shows that the pleader is entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion.[30]

---

[24]  *Twombly*, 550 U.S. at 555 (alteration in original and internal citations omitted).

[25]  *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).

[26]  *Twombly*, 550 U.S. at 556.

[27]  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

[28]  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[29]  *Id.*

[30]  *See* Fed. R. Civ. P. 8(a)(2); *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

## III.   DISCUSSION

Defendants argue that the Court should dismiss Plaintiff's conditions of confinement claims for failure to state a claim upon which relief may be granted and dismiss Plaintiff's retaliatory transfer claim as misjoined.  Defendants concede that, as the Court had previously determined, Plaintiff's First Amendment retaliation claim against Defendants Blease, Digby, and Hornung should proceed.

The Court also previously determined that Plaintiff's conditions of confinement claims regarding the conditions in general population, such as the showers, alleged rust and ventilation system issues, and alleged goose feces in the recreational yard, were insufficient to state a claim for relief and cannot establish a violation of the Eighth Amendment.  Specifically, the Court held:

> [T]he conditions in general population as outlined by Molina are insufficient to state an Eighth Amendment claim. As to SCI Camp Hill's showers, Molina complains that the shower drains had worms and other insects, and that the showers were dirty and had mildew and occasionally smelled of sewage.  The United States Court of Appeals for the Fourth Circuit reviewed similar conditions in *Shrader v. White*, 761 F.2d 975 (4th Cir. 1985).  There, the prison's shower area contained mold and mildew, dripping shower heads, rust stains, and the occasional loss of cold water. *Id.* at 984.  Because the prison attempted to clean the showers and there was no evidence of disease resulting from the mold, the Fourth Circuit found no constitutional violation. *Id.* Similarly, absent additional information regarding the frequency, duration, or health risks associated with the conditions at SCI Camp Hill's showers, the alleged conditions cannot be said to pose a "substantial risk of serious harm" to inmates. *Farmer*, 511 U.S. at 834; *cf. J.P. v. Taft*, 439 F. Supp. 2d 793, 810 (S.D. Ohio 2006) (cold showers and worms "coming out of the [shower] drain" insufficient to establish Eighth Amendment violation).

As to Molina's claim that there is rust in the cells and ventilation systems, the mere presence of rust, absent an allegation "that any . . . health problems were caused by . . . [the] rust" is insufficient to state a claim under the Eighth Amendment. *Kates v. Bledsoe*, No. 3;11-CV-0391, 2013 WL 4417656, at *7 (M.D. Pa. Aug. 14, 2013), *aff'd sub nom. Kates v. USP Lewisburg Warden*, 547 F. App'x 93 (3d Cir. 2013). *Cf. Lisle v. Welborn*, __ F.3d __, No. 18-1595, 2019 WL 3492163, at *11 (7th Cir. Aug. 1, 2019) (holding "rust on the [cell] bars and 'corroded feces' in the toilet" does not "deviate[] substantially from the ordinary conditions of prison life"). Finally, the presence of goose feces in the recreation yard "falls far short of showing that prison conditions fell below the requisite minimal civilized measure of life's necessities" and plainly cannot establish a violation of the Eighth Amendment. *Solano-Moreta v. Washington*, No. 2:18-CV-111, 2019 WL 1466302, at *8 (W.D. Mich. Apr. 3, 2019). *See also Silsby v. Sloan*, No. 1:18 CV 1832, 2019 WL 2107321, at *3 (N.D. Ohio May 14, 2019) (same); *Horsman v. Bentley*, No. 2:11CV769-MHT, 2014 WL 6673847, at *9 (M.D. Ala. Nov. 24, 2014) (conditions including, *inter alia*, "the presence of bird droppings," does not violate Eighth Amendment).[31]

Plaintiff has repled these claims, but he fails to provide any additional allegations that would make such claims constitutionally viable.

Plaintiff has also repled his conditions of confinement claim regarding the continuous lighting of his cell, which he says inhibits his ability to sleep. The Court previously held that, although such a claim may be cognizable under the Eighth Amendment, Plaintiff had failed to allege that any of the Defendants were personally involved in the decision to continuously light his cell.[32] In the amended complaint, Plaintiff continues to fail to allege the personal involvement of any Defendant,

---

[31] Doc.34 at 5-7.
[32] *Id.* at 8-9.

alleging only that the "Officer in the Control Bubble" controls the lights.[33]  In light of the fact that Plaintiff has failed to state any Eighth Amendment conditions of confinement claims, the Court will dismiss them from the Amended Complaint.

For the first time, Plaintiff alleges that he was transferred from SCI Camp Hill to another prison in retaliation for this lawsuit.  Under Federal Rule of Civil Procedure 20,

> Persons . . . may be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and, any question of law or fact common to all defendants will arise in the action.

Plaintiff specifically alleges that Defendant Harry retaliated against him by "arbitrarily transferring him out of SCI Camp Hill to SCI Huntingdon . . . as a means of punishing Plaintiff for suing her," and that he was informed by a counselor at SCI Camp Hill that "the reason for his transfer was due to the lawsuit that he filed against Prison Officials at SCI Camp Hill."[34]  Plaintiff's allegations, if true, would establish a series of retaliatory actions against Plaintiff while he was incarcerated at SCI Camp Hill.  It is clear that this claim is sufficiently related to the occurrences that make up Plaintiff's retaliation claim, and Plaintiff may therefore proceed with this claim.

---

[33]  Doc. 38 at 7.
[34]  *Id.* at 16-17.

## IV.    CONCLUSION

Based on the foregoing, the motion to dismiss will be granted in part as to the Eighth Amendment conditions of confinement claims; they will be dismissed.  The motion to dismiss will be denied as to the First Amendment retaliation claim. An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge