IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL MOLINA, | No. 3:18-CV-01391 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| LAUREL R. HARRY, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

DECEMBER 9, 2021

*Pro se* Plaintiff Miguel Molina ("Plaintiff"), who is presently incarcerated in the State Correctional Institution-Huntingdon ("SCI-Huntingdon") and was incarcerated in the State Correctional Institution-Camp Hill ("SCI-Camp Hill") at all relevant times, brought this case asserting that the conditions of his confinement in SCI-Camp Hill violated the Eighth Amendment and that he was subjected to retaliation in violation of the First Amendment. The Court previously dismissed the conditions of confinement claims and allowed the case to proceed only as to the retaliation claims against four of the defendants. The remaining defendants have moved for summary judgment. For the reasons that follow, the motion will be granted.

I.   **BACKGROUND**

Plaintiff initiated this case through the filing of a complaint on July 13, 2018, naming as Defendants Laurel Harry ("Harry"), Jennifer Digby ("Digby"), Scott Whalen ("Whalen"), Tim Hornung ("Hornung"), Randy Blease ("Blease"), A. Maxwell ("Maxwell"), and Gregory Carbaugh ("Carbaugh").[1]  On August 22, 2019, United States District Judge James M. Munley granted Defendants' motion to dismiss in part and dismissed the complaint without prejudice except to the extent that it raised a First Amendment retaliation claim against Defendants Blease, Digby, and Hornung.[2]  Plaintiff filed an amended complaint on October 25, 2019.[3]  The case was reassigned to me April 6, 2020 following Judge Munley's death.

On August 25, 2020, I granted Defendants' motion to dismiss the amended complaint in part, dismissing the amended complaint with prejudice except to the extent that it raised a First Amendment retaliation claim against Defendants Blease, Digby, Hornung, and Harry.[4]  Defendants answered the amended complaint on September 8, 2020.[5]

---

[1] Doc. 1.
[2] Docs. 34-35.
[3] Doc. 38.
[4] Docs. 53-54.  I will collectively refer to Blease, Digby, Hornung, and Harry as "Defendants" throughout the remainder of this opinion.
[5] Doc. 57.

Plaintiff moved to compel discovery on October 9, 2020.[6] I took the motion under advisement on April 27, 2021 and ordered Defendants' to produce the relevant documents for *in camera* review.[7] Defendants timely produced the documents to the Court,[8] and after conducting an *in camera* review I granted in part and denied in part the motion to compel discovery.[9] Specifically, I ordered Defendants to produce to Plaintiff certain documents in redacted form that were relevant to Plaintiff's retaliation claims, but otherwise denied the motion.[10] Plaintiff moved for reconsideration on June 24, 2021, but did not file a brief in support of the motion until July 7, 2021.[11] By separate Order on the date of this Memorandum Opinion, I denied the motion for reconsideration because Plaintiff's failure to file a contemporaneous brief in support of his motion for reconsideration violated Local Rule 7.10.

Defendants filed the instant motion for summary judgment on August 18, 2021.[12] They filed a brief in support of the motion on September 13, 2021, in which they argue that summary judgment is appropriate because Plaintiff cannot establish the elements necessary to prove retaliation.[13] Plaintiff filed a brief in

---

[6]  Doc. 63.
[7]  Doc. 97.
[8]  Doc. 98.
[9]  Doc. 99.
[10] *Id.*
[11] Docs. 100-01.
[12] Doc. 104.
[13] Doc. 110.

opposition to the motion on October 1, 2021.[14] Plaintiff does not respond to the substance of Defendants' summary judgment arguments and instead reiterates arguments that he made in his motion to compel discovery and subsequent motion for reconsideration as to why Defendants should be compelled to provide additional discovery responses.[15] Defendants filed a reply brief in support of the motion for summary judgment on October 15, 2021, making it ripe for disposition.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] "Facts that could alter the outcome are 'material facts,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[17] "A defendant meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[18] "A plaintiff, on the other hand, must point to admissible evidence that would be sufficient to show all elements of a prima facie case under applicable substantive law."[19]

---

[14] Doc. 111.
[15] See id.
[16] Fed. R. Civ. P. 56(a).
[17] Clark v. Modern Grp. Ltd., 9 F.3d 321, 326 (3d Cir. 1993) (Hutchinson, J.) (first citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); and then citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).
[18] Clark, 9 F.3d at 326.
[19] Id.

"The inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[20]  Thus, "if the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on a lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."[21] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[22]  "The judge's inquiry, therefore unavoidably asks . . . 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'"[23]  The evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery.

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the

---

[20]  *Anderson*, 477 U.S. at 252.
[21]  *Id.*
[22]  *Id.*
[23]  *Id.* (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)).

absence of a genuine issue of material fact."[24] "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."[25]

Where the movant properly supports his motion, the nonmoving party, to avoid summary judgment, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[26]  For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed" must be supported by: (i) "citing to particular parts of materials in the record" that go beyond "mere allegations"; (ii) "showing that the materials cited do not establish the absence or presence of a genuine dispute"; or (iii) "showing . . . that an adverse party cannot produce admissible evidence to support the fact."[27]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant."[28]  Moreover, "if a party fails to

---

[24] *Celotex*, 477 U.S. at 323 (internal quotations omitted).
[25] *Id.*
[26] *Anderson*, 477 U.S. at 250.
[27] Fed. R. Civ. P. 56(c)(1).
[28] *Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003).

properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[29]  On a motion for summary judgment, "the court need consider only the cited materials, but it may consider other materials in the record."[30]

Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[31]  "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[32]  "If the evidence is merely colorable . . . or is not significantly probative, summary judgment may be granted."[33]

### III.   PLAINTIFF'S REQUEST FOR ADDITIONAL DISCOVERY

In his brief in opposition to the motion for summary judgment, Plaintiff argues that summary judgment should be denied because Defendants are "arbitrarily and impermissibly depriving Plaintiff of relevant and crucial discovery."[34]  Plaintiff asserts that because a "crucial discovery dispute" is ongoing through the filing of Plaintiff's motion for reconsideration, the Court should defer

---

[29] Fed. R. Civ. P. 56(e)(2).
[30] Fed. R. Civ. P. 56(c)(3).
[31] *Anderson*, 477 U.S. at 249.
[32] *Id.*
[33] *Id.* at 249-50 (internal citations omitted).
[34] Doc. 111 at 4.

entering summary judgment in favor of Defendants.[35]  I will liberally construe Plaintiff's argument as a request for additional discovery under Federal Rule of Civil Procedure 56(d).

Rule 56(d) states that a court may allow the parties additional time to complete discovery when a party moves for summary judgment and the non-moving party shows that it needs additional discovery to oppose the motion.[36]  To properly request discovery under Rule 56(d), the requesting party "must indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered the information."[37]  The decision of whether to permit additional discovery is left to the discretion of the court.[38]  Denial of additional discovery is appropriate where the party seeks discovery that he previously unsuccessfully sought through a motion to compel discovery.[39]

Plaintiff does not specifically state what additional discovery he needs to oppose Defendants' motion for summary judgment, but based on Plaintiff's repeated references to the Court's Order denying his motion to compel and his motion for reconsideration of said Order, it appears that Plaintiff is seeking the

---

[35] *Id.* at 4-5.
[36] Fed. R. Civ. P. 56(d).
[37] *Dinnerstein v. Burlington Cty. College*, 764 F. App'x 214, 217 n.1 (3d Cir. 2019) (quoting *Radich v. Goode*, 886 F.2d 1391, 1393–94 (3d Cir. 1989)).
[38] *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 324 n.6 (3d Cir. 2005) (citing *Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002)).
[39] *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 458 (3d Cir. 2003); *Holt v. Pennsylvania*, No. 1:18-CV-02448, 2021 WL 3511104, at *4 (M.D. Pa. Aug. 10, 2021).

8

same discovery that he sought in the motion to compel and motion for reconsideration. I will thus deny Plaintiff's request for additional discovery because the request has already been litigated through Plaintiff's motion to compel discovery and motion for reconsideration.[40]

## IV.   MATERIAL FACTS

Local Rule 56.1 requires a party moving for summary judgment to submit "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."[41] The non-movant must file a statement in response to the movant's statement that responds to the numbered paragraphs in the movant's statement and sets forth which paragraphs present a genuine issue of material fact.[42] Any facts that are set forth in the movant's statement that are not contradicted by the non-movant's statement are "deemed to be admitted."[43]

In this case, Defendants filed a statement of material facts as required by Local Rule 56.1, but Plaintiff did not respond to Defendants' statement. Because Plaintiff has failed to respond to Defendants' statement, the facts in the statement are deemed admitted.[44] Nevertheless, the below statement of material facts is

---

[40]   *See Horvath*, 333 F.3d at 458; *Holt*, 2021 WL 3511104, at *4.
[41]   M.D. Pa. L.R. 56.1.
[42]   *Id.*
[43]   *Id.*
[44]   *See id.* ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by

derived from Plaintiff's amended complaint and Defendants' answer, as those documents set out all of the facts relevant to Defendants' motion.

Plaintiff was employed in a prison job as a tier worker during a portion of his incarceration at SCI-Camp Hill.[45] He was fired from his position sometime in 2018 and was transferred from his housing unit to a different housing unit in May 2018.[46] Some of Plaintiff's personal property was also confiscated by Defendant Hornung during Plaintiff's incarceration at SCI-Camp Hill.[47] Plaintiff was transferred out of SCI-Camp Hill on March 12, 2019.[48] Plaintiff alleges that his termination from his job, transfer to another housing unit, confiscation of his property, and transfer out of SCI-Camp Hill were done in retaliation for his filing of grievances related to the conditions of his confinement in SCI-Camp Hill.[49]

---

the opposing party."); *Landmesser v. Hazleton Area Sch. Dist.*, 982 F. Supp. 2d 408, 413 (M.D. Pa. 2013) (deeming facts admitted under Local Rule 56.1); *see also Conn v. Bull*, 307 F. App'x 631, 633 (3d Cir. 2009) (upholding district court's decision to deem facts admitted under Local Rule 56.1.)

[45] Doc. 38 ¶ 31; Doc. 57 ¶ 31.
[46] Doc. 38 ¶¶ 31, 33; Doc. 57 ¶ 31.
[47] Doc. 38 ¶¶ 39-40; Doc. 57 ¶¶ 39-40.
[48] Doc. 38 ¶ 41; Doc. 57 ¶ 41.
[49] *See generally* Doc. 38.

V.     ANALYSIS

Plaintiff's constitutional claims are brought under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[50]  "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[51]

A plaintiff bringing a retaliation claim under 42 U.S.C. § 1983 must establish that (1) he engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against the plaintiff that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there

---

[50] *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).
[51] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

11

was a causal connection between the plaintiff's protected conduct and the defendant's retaliatory action.[52] Causation may be established by showing either an unusually suggestive temporal proximity between the plaintiff's protected conduct and the defendant's allegedly retaliatory action or a pattern of antagonism coupled with timing.[53] Causation may also be implied by "the record as a whole."[54] Defendants in this case argue that Plaintiff cannot establish the elements necessary to prove his retaliation claim.[55] Plaintiff has not responded to this argument and has not produced evidence to support his retaliation claim.[56]

Having reviewed the evidence of record, I find that Defendants are entitled to summary judgment. Assuming, *arguendo*, that Plaintiff engaged in protected conduct and that Defendants' actions were sufficiently adverse to support a retaliation claim, Plaintiff has still not produced any evidence to show that there was a causal connection between his protected activity and the Defendants' actions. Summary judgment is therefore appropriate.[57]

---

[52] *Javitz v. Cty. of Luzerne*, 940 F.3d 858, 863 (3d Cir. 2019).
[53] *Dondero v. Lower Milford Twp.*, 5 F.4th 355, 361-62 (3d Cir. 2021) (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).
[54] *Id.* (citing *DeFlaminis*, 480 F.3d at 267).
[55] Doc. 110 at 5-8.
[56] *See generally* Doc. 111.
[57] *See, e.g.*, *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) ("[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." (citing *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985))).

## VI.   CONCLUSION

For the foregoing reasons, the motion for summary judgment will be granted.[58]

An appropriate Order follows.

                                        BY THE COURT:

                                        *s/ Matthew W. Brann*
                                        Matthew W. Brann
                                        Chief United States District Judge

---

[58] Defendants' motion also seeks summary judgment to the extent that Plaintiff attempts to plead a wage loss claim arising from his termination from employment. *See* Doc. 110 at 8-9. I will not address this argument because no wage loss claim was raised in Plaintiff's amended complaint. *See* Doc. 38. Plaintiff asserts that he "has been hindered and frustrated" in his efforts to amend his complaint to add a wage loss claim, *see* Doc. 108 ¶ 13, but the record does not support this contention, as Plaintiff never moved for leave to file a second amended complaint.

13